UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

vs.                                                  CRIMINAL NO. 3:11-CR-00213 (SRU)

WILLIAM VAN WYK                              February 4, 2025

## **REVOCATION MEMORANDUM**

William Van Wyk respectfully submits this memorandum in advance of his supervised release revocation hearing, which is scheduled for February 5, 2025. At the hearing, Mr. Van Wyk intends to admit that he violated the terms and conditions of his supervised release by committing misdemeanor breach of the peace, second degree, in violation of Connecticut law. This constitutes a Grade C violation, with an advisory policy Guidelines' range of 4-10 months imprisonment. Mr. Van Wyk respectfully requests the Court impose a sentence of time served, to allow him to continue to rebuild his life.

Mr. Van Wyk commenced supervision on July 1, 2024. After more than 15 years' incarcerated, Mr. Van Wyk struggled in many ways to adjust to life on the outside. Apart from the Probation Office, he lacked all community and support leaving prison.[1] He also did not have any identification that would help him get a job or a work history.

Mr. Van Wyk did *some* things right in the time that he was on supervision. He began working with a reentry program in Hartford, Community Partners in Action, and formed a productive relationship with a case worker. He began working towards obtaining his birth certificate from

---

[1] As reflected in his PSR, Mr. Van Wyk's childhood was very challenging. He was adopted into an abusive family as a child and experienced life-long mental health struggles. He has no connection to his biological family. Both of his adoptive parents—with whom he did not have a positive relationship in any event—have passed away.

Arizona and identification that would allow him to work. Through CPA, he took steps to enroll in online education with Southern New Hampshire University, although he was unable to begin coursework due to a lack of a computer. He began interviewing for jobs and went to the American Job Center. But without identification, he could not begin working. He also struggled to build community ties. He hoped to begin attending a Unitarian church, but was told he could only attend services if he entered through the back door and did not attend any social activities at the church.[2]

Mr. Van Wyk admits that he became frustrated with the slow rate of progress and the setbacks he experienced upon his release. He wanted to restart his life—get a job, attend college, and find a fulfilling career. But none of these goals would be easy or fast to achieve and he, in his own words, became frustrated and acted out.

On August 27, 2024, Mr. Van Wyk was arrested on misdemeanor charges. He has remained incarcerated in state custody. On January 13, 2025, Mr. Van Wyk pled guilty to misdemeanor breach of peace and received a six-month sentence. In some ways, his state sentence has been beneficial. In DOC custody, Mr. Van Wyk was given access to a tablet (something he had to pay for in BOP custody, which he could not afford) with some free content, including podcasts. He has spent much of the past six months listening to motivational and mental health focused podcasts, including "Motiversity" and "The Daily Boost." These podcasts have encouraged him to take charge of his life, even when progress is slow or he encounters a setback. Since his incarceration, he has tried to guide his life by three principles: (1) be a good person; (2) make smart decisions; and (3) work hard.

---

[2] Mr. Van Wyk's supervised release conditions prevent him from engaging in many activities that would help him form ties in the community. For example, he loves sports and live sporting events, but cannot attend a game because of his supervised release conditions.

Upon his release from incarceration, Mr. Van Wyk knows that he has work to do. He is taking steps to secure housing. Once the federal detainer is lifted, his reentry counselor in the Department of Corrections will facilitate a call to 211 to secure housing and make a referral to Mercy House. Community Partners in Action is also aware of Mr. Van Wyk's circumstances and is prepared to assist him in reentry planning as soon as he is released from custody. They understand that his needs include transitional housing and identification. In the short term, Mr. Van Wyk will look for work in a restaurant or a warehouse. In the long term, he hopes to continue his education and complete a bachelor's degree.

Finally, Mr. Van Wyk will seek out mental health treatment. Mr. Van Wyk has a long history of trauma and has received limited one-on-one mental health treatment throughout his life. He was able to attend mental health treatment while living at the halfway house, which he found helpful. That treatment ended, however, when he transitioned from BOP custody to supervision. Mr. Van Wyk recognizes that he would benefit substantially from individual mental health treatment, in addition to sex offender treatment.

The purpose of supervised release has always been rehabilitative, not punitive, as the Supreme Court and the Sentencing Commission have long recognized. *See e.g.*, *United States v. Johnson*, 529 U.S. 53, 59-60 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."); *Tapia v. United States*, 564 U.S. 319, 326 (2011) ("[A] court may not take account of retribution . . . when imposing a term of supervised release."); United States Sentencing Commission, Federal Offenders Sentenced to Supervised Release, ("2010 Report") July 2010, 1-2, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2010/20100722_Supervised_Release.pdf ("'Supervised release, in contrast to probation,

3

is not a punishment in lieu of incarceration'" and, moreover, supervised release is primarily concerned with "'facilitat[ing] the reintegration of the defendant into the community.'" (footnotes and citations omitted)).

Mr. Van Wyk is at the beginning of what will surely be a long road in rebuilding his life. He now recognizes that his journey will be slow, painful, and frustrating. He has already been punished for his criminal conduct by the state court. An additional federal sentence will not serve any rehabilitative purpose. Mr. Van Wyk needs to learn how to navigate life outside of custody, including securing identification, housing, work, and mental health treatment. He will not make any progress towards these goals in BOP custody.

Respectfully submitted,

THE DEFENDANT,
William Van Wyk

*/s/ Anne E. Silver*
Anne E. Silver
Assistant Federal Defender
10 Columbus Boulevard, 6th Floor
Hartford, CT 06106-1976
Phone: (860) 256-0310
Bar no.: phv207294
Email: anne_silver@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 4, 2025, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Anne E. Silver*
Anne Silver