## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA

v.                                                    3:11-cr-00213-SRU

WILLIAM SCOTT VAN WYK


### ORDER MODIFYING CONDITIONS OF SUPERVISED RELEASE

On February 5, 2025, the Court held an initial appearance on revocation proceedings to address one pending violation charges brought against William Scott Van Wyk as set forth in the U.S. Probation Office's petition and report. *See* Doc. Nos. 47 and 55. Van Wyk, who was represented by counsel and given an opportunity to be heard, pled guilty to the one charge and a final hearing was scheduled.

On February 10, 2025, the Court held a final hearing and sentenced Van Wyk on the violation conduct. As stated on the record, the Court did not impose any additional term of imprisonment but did modify his special conditions of supervised release. Therefore, the federal detainer on Van Wyk is lifted; Van Wyk shall proceed to serve his previous imposed lifetime term of supervised release in accordance with the original judgment, doc. no. 40, and the modifications made on the record.

IT IS HEREBY ORDERED that Van Wyk's previously imposed special conditions of supervised release are modified as follows:

1. The defendant shall participate in mental health treatment, with an emphasis on sexual offender treatment, either inpatient or outpatient to include participation with polygraph administration as directed by the U.S. Probation Office. If inpatient treatment is recommended, it must be approved by the Court unless the defendant consents. The defendant shall pay all, or a portion of the costs associated with treatment based on his ability to pay, in an amount to be determined by the probation officer and approved by the Court.

2. The defendant shall agree that any device, including a computer, with Internet access which he uses will be equipped with monitoring software that will permit the U.S. Probation Office to determine whether he has been in contact with minors, either through email, chat rooms, instant messaging or any other electronic means. The defendant shall pay all, or a portion of the costs associated with the monitoring based on his ability to pay, in an amount to be determined by the probation office and approved by the Court. The defendant must not download, install, or utilize any application, software, or hardware that will prevent the U.S. Probation Office from monitoring such electronic devices. This includes, but is not limited to, encryption, anonymity, or invisible mode software or devices, or dark web Internet browsers. To ensure compliance with the preceding monitoring condition, the defendant must allow the U.S. Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software, (2) the monitoring software is functioning effectively after its installation, and (3) there have been attempts to circumvent the monitoring software after its installation. The defendant must warn any other people who use these devices that the devices may be subject to review pursuant to this condition. The defendant must allow the U.S. Probation Office to use such equipment as is necessary to determine the presence of an Internet/Wi-Fi connection.

3. The defendant shall consent to third-party disclosure to any employer, potential employer, community service site or other interested party as determined by the probation officer, of any imposed restrictions relating to electronic devices with Internet access.

4. The defendant shall not have in-person contact with any child he knows, or reasonably should know, to be under the age of 18 without the express permission of the U.S. Probation Office and treatment provider. If applicable, the U.S. Probation Office, in consultation with appropriate child welfare agencies and/or treatment providers, and with the approval of the Court, will determine whether the defendant may have such contact with his own children. The defendant must not knowingly communicate with anyone he knows, or reasonably should know, to be under the age of 18 via telephone, text messaging, email, social media, mobile application, the Internet, or other electronic means.

5. The defendant shall permit a U.S. Probation Officer, accompanied by either local, state or Federal law enforcement authorities, to conduct a search of the defendant's residence, automobile and workplace for the presence of sexually explicit materials involving minors at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.

6. The defendant shall comply with applicable federal, state, and local sex offender registry.

7. The defendant shall avoid, and is prohibited from being in, places primarily used for children under the age of 18, such as playgrounds, arcades or schools. The defendant shall not associate with or have contact with convicted sex offenders or those considered inappropriate by the U.S. Probation Office because of a connection to sexual abuse of

minors or sexually explicit materials involving minors, unless a part of an approved counseling program.

8. The defendant is prohibited from holding any position of authority or guidance over children or youth groups involving individuals under the age of 18.

9. The defendant must not view, purchase, or possess any materials including, but not limited to, pictures, photographs, books, writings, drawings, videos, or video games depicting what is described as child pornography as defined in 18 U.S.C. § 2256(8) or obscene visual representations of the sexual abuse of children, as defined in 18 U.S.C. § 1466A(a)-(c), (f).

10. The defendant must participate in a mental health treatment program recommended by the United States Probation Office. If inpatient treatment is recommended, it must be approved by the Court unless the defendant consents. The defendant must follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise his participation in that program and may receive information regarding treatment diagnosis, treatment goals, and prognosis. The defendant must pay all or a portion of the costs associated with treatment based on his ability to pay as recommended by the United States Probation Office and approved by the Court.

As stated on the record, the financial condition originally imposed by U.S. District Judge Ellen Bree Burns, doc. no. 40 at 1, special condition #7, is eliminated and no longer applicable.

All standard and mandatory conditions imposed by the original judgment shall remain in full effect.

Signed and dated at Bridgeport, Connecticut this 27th day of February 2025.

/s/ STEFAN R. UNDERHILL
_____
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE